

23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932
(973) 822-1110 – Telephone
(973) 822-1116 – Facsimile

March 11, 2011

**Via Electronic Filing**
Hon. Dennis Cavanaugh, U.S.D.J.
Martin Luther King, Jr. Federal Building & U.S.
50 Walnut Street
Newark, NJ 07101

      **Re:  Harry Dunleavy v. Hon. Edward M. Gannon,** *et al.*
      Civil Action No. 11-cv-361 (DMC)

Dear Judge Cavanaugh:

   This firm represents defendant John M. Breslin, Esq. in the above referenced matter. Several defendants have received Clerk's Orders under Local Civil Rule 6.1, including our client, with responsive pleadings or motions for those defendants due in approximately two weeks.  We write to request the Court's assistance in resolving a timing issue regarding the initial pleadings.   We have the consent of those attorneys (John Barabula, Esq., Jannine, Long, D.A.G., and Bruce Ettman, Esq.) who have appeared for various defendants to date for the action we suggest herein.

   The plaintiff's claims arise out of his pursuit of an action in the Superior Court of New Jersey which was tried against one of the defendants there in August 2009 to a no-cause verdict. Various other defendants in the state court case, one of whom was represented by our former colleague Mr. Breslin, had been dismissed from the case during pretrial discovery or at trial. Plaintiff did not appeal after the verdict, but filed ethics grievances against the various attorneys for the state court defendants.  Those attorneys are among the defendants here.  Plaintiff also filed a complaint against Judge Gannon, a defendant here, before the Advisory Committee on Judicial Conduct of the New Jersey Supreme Court.

   Based on my separate conversations with counsel for those defendants who have appeared, and our own intentions, it is apparent that most of the present defendants have or will be making Rule 11 demands upon plaintiff.  Plaintiff is appearing *pro se* in this case, as he did in the Superior Court action.  Unless plaintiff was to thereby withdraw or significantly modify his Complaint, it would be our expectation on behalf of Mr. Breslin, to follow our Rule 11 demand with an appropriate motion to dismiss and for Rule 11 sanctions.

Hon. Dennis M. Cavanaugh, U.S.D.J.
Re: Dunleavy v. Gannon
March 11, 2011
Page 2

However, our time to respond to the Complaint, even as extended to March 22, 2011, will not be sufficient for us to serve the demand (which the Rule and interpretive cases virtually require to be made in the form of a draft motion against the challenged pleading) and for plaintiff to be afforded the 21 day "safe harbor" provision of Rule 11(c)(2) to withdraw or modify his Complaint. In the absence of further extensions, we will be faced with the conundrum of having to answer *before* plaintiff's safe harbor period expires. That would seem at variance with the intent of the amended Rule 11. It appears that other defendants will be in the same position.

In light of the above, we have addressed this matter to the Court by letter in order to elicit the Court's assistance outside of the usual 24 day motion cycle. In light of the plaintiff's appearance *pro se*, perhaps the Court could invite his response to this letter within a specific time, and then consider the matter accordingly, perhaps at a conference or by telephone with the plaintiff and the defendants' counsel's participation.

We are enclosing for the Court's consideration a proposed form of Order that would set uniform deadlines for the expected Rule 11 demands and the defendants' responsive pleadings thereafter. The Order states explicitly that its entry does not constitute a finding by the Court as to the merits of any such application in the event such are made.

We note also that Wolf & Samson has entered an appearance on behalf of defendant Barry Frank. We understand that Magistrate Judge Dickson, who is assigned to this matter, was formerly affiliated with that firm and that the usual practice in this Court would be for the matter to be reassigned.

Certain defendants may choose to answer or move directly against the Complaint without advancing a Rule 11 claim at this time, and we do not intend to preclude them from doing so. The proposed Order so states.

We thank the Court for its consideration of this correspondence and look forward to hearing from Your Honor as to how we may proceed in this regard.

> Very truly yours,
> **McGIVNEY & KLUGER, P.C.**
>
> *William D. Sanders*
>
> William D. Sanders

WDS/encs.
cc: Jannine Long, Esq.
    Bruce Ettman, Esq.
    John Barbarula, Esq.
    Gary Lightman, Esq.
    Harry Dunleavy (via Lawyers Service for Next Day Delivery)