NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRY DUNLEAVY, : | |
| : | |
| Plaintiff, : | **Hon. Dennis M. Cavanaugh** |
| : | |
| v. : | **OPINION** |
| : | |
| EDWARD GANNON, ALAN : | Civil Action 2:11-cv-0361(DMC)(MF) |
| HANDLER, JOHN TONELLI, : | |
| CANDACE MOODY, LT. JAMES : | |
| MCINNESS, JOHN PALM, ROBERT : | |
| STOBER, CHARLES CENTINARO, : | |
| BARRY FRANK, JOHN BRESLIN, : | |
| GARY LIGHTMAN, JOHN : | |
| BARBARULA, LAURIE VEIGHT, : | |
| TIMOTHY MATTESON, PETER : | |
| ROMAINE, NEW JERSEY STATE : | |
| POLICE, NEW JERSEY BAR : | |
| ASSOCIATION, OFFICE OF : | |
| ATTORNEY ETHICS, LAKELAND : | |
| BANK, : | |
| : | |
| Defendants. : | |
| : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court on six motions of the Defendants to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff Harry Dunleavy ("Plaintiff") filed a complaint in the instant matter on January 20, 2011.[1] Defendants Laurie Veight (ECF No. 12), Gary Lightman (ECF No. 26), Barry Frank (ECF No. 28), and John Breslin (ECF No. 35) filed motions to dismiss on March 22, April 20, April 21 and April 28, respectively. Defendants

---

[1] All dates following in this paragraph occurred in 2011.

Charles Centinaro, Edward Gannon, Alan Handler, Lieutenant James Macinness, Candace Moody, John Palm, Robert Stober and John Tonelli filed their motion to dismiss on April 21 (ECF No. 29). The New Jersey State Police filed their motion to dismiss on May 17 (ECF No. 41). The parties stipulated to dismissal of Defendants John Barbarula and the New Jersey Bar Association on April 14 and April 25, respectively. Pursuant to Fed.R.Civ.P. 78, stating that the court has the authority to provide for submitting and determining the motions on briefs without oral hearings, no oral argument was heard. After considering all submissions, it is the decision of this Court that Defendants' motions to dismiss (ECF Nos. 12, 26, 28, 29, 35, 41) are **granted** and Plaintiff's complaint is **dismissed with prejudice.**

I.  **BACKGROUND**[2]

Plaintiff's claims result from his disagreement with a Superior Court judgment in a civil suit brought by him. Plaintiff brought suit in Superior Court when his personal funds were allegedly re-directed by the bank at which they were deposited. In this Court, Plaintiff alleges that his civil rights were violated by the Honorable Edward Gannon, J.S.C. and attorneys involved in that litigation, pursuant to 42 U.S.C.A. § 1983. Plaintiff alleges that, during the state court proceeding, Defendants ignored a subpoena and informally "attempted a deposition over the phone." (Pl.'s Compl. ¶¶ 26-8, Jan. 20, 2011, ECF No. 1). Further, Plaintiff charges Defendants with "conspiracy, cover-ups, deliberate lies, sabotage, fabrications, willful and malicious concealment of vital documents, fraudulent removal of documents from a court file, and a judge [sic.] allowing Defendants and their attorneys to lie to the Court and ignore Court rules and the law with impunity." (Pl.'s Compl. ¶¶ 1). Plaintiff did not appeal the Superior

---

[2] These facts are derived from the parties' respective submissions to this Court.

Court judgment, but rather filed grievances in March 2010 with the Office of Attorney Ethics and the Advisory Committee on Judicial Conduct.[3]  (Gannon et al. Br. in Supp. Mot. to Dismiss 1, Apr. 21, 2011, ECF No. 29-1).  In each grievance, the substance of Plaintiff's claims are identical to those of the instant action.  (Lakeland Bank Br. Mem. in Supp. R.11 Sanctions 1, June 9, 2011, ECF No. 44-2).

The facts underlying Plaintiff's complaint involve allegations that one Charles W. Cart fraudulently persuaded Plaintiff to invest $25,000 in what Plaintiff believed to be a "health insurance claims company" named Skylands Administrators.  (Pl.'s Compl. ¶ 1).  From there, Plaintiff alleges that funds he personally deposited at Lakeland Bank were incorrectly or wrongfully deposited in the wrong account named Skylands Benefit Consultants, LLC.  Id.  Plaintiff claims that the funds were then "fraudulently and clandestinely funneled to pay debts for a strip club in Florida called the 'Wild Coyote.'"  Id.  Defendants in this action include various people related to Mr. Cart or working for Lakeland Bank involved in the alleged transaction.

Defendants also include the Judge that presided over the state trial regarding claims arising out of the aforementioned facts and the attorneys involved in that litigation.  On December 11, 2007, Plaintiff filed a civil action in the Superior Court of Sussex County, New Jersey against Lakeland Bank and others (hereinafter "Superior Court Case").  See Dunleavy v. Lakeland Bank, et al., No. SSX-L-825-07 (N.J. Super. Ct. Law Div. 2009), *disposal docketed*.  The jury returned a verdict in favor of Defendants after trial before the Honorable Judge Gannon, J.S.C.  (Gannon et al. Br. 1-2, Apr. 21, 2011, ECF No. 29-1).  Plaintiff filed a motion for a new

---

[3]These agencies and/or employees of these agencies were later joined as Defendants in the instant action.

trial which was denied by Judge Gannon. Id. Plaintiff contends that attorneys and the Defendants in the Superior Court Case "felt they were above the law and didn't cooperate at all." (Pl.'s Compl. ¶ 2). Further, Plaintiff states that Judge Gannon "[held] the Plaintiff to higher standards than attorneys," and allowed attorneys and their clients to ignore court rules, time lines, notices to produce documents, interrogatories and subpoenas. (Pl.'s Compl. ¶ 3). Defendants characterize Plaintiff's allegations as an "attempt to relitigate the State court case." (Gannon Br. 2).

Plaintiff now brings suit in this Court against Lakeland Bank, attorneys of record in the aforementioned Superior Court Case, the ACJC, the New Jersey Bar Association, the New Jersey State Police, the OAE, a state investigator as well as employees of these agencies and organizations.[4]

## II.  STANDARD OF REVIEW

### 1. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1)

Under Fed.R.Civ.P. 12(b)(1), this Court may only consider cases over which it has subject matter jurisdiction. The Rooker-Feldman doctrine precludes this Court from exercising subject matter jurisdiction over a claim of appeal from a state court judgment. Given this doctrine, this Court is not empowered to hear claims from parties who lost in state court and come to federal court complaining of injuries caused by that decision. Exxon Mobil Corp. v.

---

[4] Defendants Gary Lightman, Laurie Veight and John Breslin have separately filed motions for Rule 11 sanctions (ECF Nos. 43, 44, 47) which are now pending. Further, Defendant Barry Frank has filed a motion to enjoin Plaintiff from filing any further motions. (ECF No. 73). This Court will retain jurisdiction and consider these motions in due course. These motions speak to Plaintiff's exhibited litigious behavior. Moreover, they offer support for Defendants' contentions that Plaintiff's claims are based in neither fact nor law and that his assertion regarding this Court's jurisdiction pursuant to § 1983 is nothing more than a pretext.

Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). The jurisdiction possessed by the District Courts is strictly original. Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923). This District Court lacks the entitlement of appellate jurisdiction required to review a state court judgment.

### 2. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)

Under Fed.R.Civ.P. 12(b)(6), relief may not be granted when suit is barred on res judicata grounds. When that bar is in place, Plaintiff fails to state a claim for relief. When a prior case has been adjudicated in state court, federal courts must give "full faith and credit" to the state court's judgment. 28 U.S.C. § 1738 (1948); see also Balthazar v. Atl. City Med. Ctr., 279 F.Supp.2d 574, 584 (D.N.J. 2003). The doctrine of res judicata embodies that principal and bars re-litigation of an issue that has already been determined on the merits by a court of competent jurisdiction. Id. at 585. In order for res judicata to apply, there must be: (1) a valid, final judgment on the merits in the prior action; (2) the actions must involve the same parties; and, (3) the second claim must arise out of the same transaction as did the claim in the first action. United States v. 5 Unlabled Boxes, 572 F.3d 169, 173 (3d Cir.2009); see also, EEOC v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990); and, Alliance Shippers, Inc. v. Blue Line Distrib., Ltd., 2010 WL 2951448, at *2 (D.N.J. 2010).

## III. DISCUSSION

Plaintiff's claims fail to state a claim for relief in this Court because they arise out of a state court judgment and are jurisdictionally barred by res judicata. This Court will briefly discuss its analysis as to this applicable and preclusive doctrine.

### 1. Res Judicata and the Rooker-Feldman Doctrine

The res judicata doctrine arises when the Court is presented with a matter that has once

been litigated and decided.  18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4402 (2d ed. 2011).  A more specific version of the <u>res judicata</u> doctrine has developed through Supreme Court jurisprudence and applies in situations where a District Court is faced with a plaintiff seeking relief based on an unfavorable state court judgment on the same matter.  Under the <u>Rooker-Feldmen</u> test, the District Court lacks jurisdiction when: (1) the federal Plaintiff lost in state court; (2) Plaintiff complains of injuries caused by the state court judgment; (3) the judgment complained of was rendered before the federal suit was filed; and, (4) Plaintiff invites the District Court to review and reject the judgment.  <u>Great W. Mining & Mineral Co. v. Fox Rothschild, LLP</u>, 615 F.3d 159 (3d Cir.2010).

Plaintiff Dunleavy indeed lost in a state court jury trial.  <u>See</u> <u>Dunleavy v. Lakeland Bank, et al.</u>, No. SSX-L-825-07 (N.J. Super. Ct. Law Div. 2009).  Plaintiff complains of a multitude of injuries caused by the state court judgment.  Plaintiff not only asserts want of relief based on the same facts underlying the state court claim, but further asks this Court to find fault with the Judge who presided over the state court matter and attorneys involved in the same.  The judgment was rendered in state court on August 19, 2009, the instant matter was filed in this Court on January 20, 2011.  Finally, Plaintiff asks this Court to review and reject motion and trial decisions made by Judge Gannon.  <u>See</u> (Pl.'s Compl. ¶¶ 3-19).  Though Plaintiff does not come to discernible legal conclusions in his complaint, he essentially accuses Judge Gannon of abusing his discretion.

It is exceedingly clear that Plaintiff's complaint is barred by the <u>Rooker-Feldman</u> doctrine.  This Court lacks the authority to hear Plaintiff's claims, which seek an appeal of a state court judgment.  Plaintiff utilizes 42 U.S.C. § 1983 as a pretextual basis for this Court's

jurisdiction, but fails to plead a civil rights violation under the statute.[5]  Further, and more generally, Plaintiff is asking this Court to relitigate and decide a matter in contravention of firmly ingrained res judicata principles.  Plaintiff was afforded his "day in court," so to speak, during which he presented and argued his claims before a court of competent jurisdiction.  Plaintiff will not be given a second opportunity or "bite at the apple" to relitigate the very same facts and arguments, with the same parties in this Court.

IV.    CONCLUSION

This Court finds this case strikingly similar to Alliance Shippers, supra, in which Judge Martini found it appropriate to dismiss with prejudice based on the conclusion that "no set of amended pleadings would cure the preclusive effect of the Superior Court's decision on the threshold issue of comity," and, for the reasons further expressed in this Opinion, **grants** Defendants' motions to dismiss and **dismisses** Plaintiff's complaint **with prejudice**.  Alliance Shippers, 2010 WL 2951448, at *3.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        November 1st,  2011
Orig.:       Clerk
cc:          All Counsel of Record
             Mark Falk, U.S.M.J.

---

[5]Since Plaintiff uses 42 U.S.C. § 1983 as merely a pretext for jurisdiction, the statute itself is irrelevant to this matter.  Plaintiff fails to offer any plausible factual basis for a claim that could arise at law under § 1983.  Further, Plaintiff's facts are severely disconnected from any legal conclusion that could arise under § 1983.  Consequently, this Court will not apply § 1983 to the facts presented in this matter.