NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRY DUNLEAVY, | : |
| Plaintiff, | : Hon. Dennis M. Cavanaugh |
| v. | : OPINION |
| EDWARD GANNON, ALAN HANDLER, JOHN TONELLI, CANDACE MOODY, LT. JAMES MCINNESS, JOHN PALM, ROBERT STOBER, CHARLES CENTINARO, BARRY FRANK, JOHN BRESLIN, GARY LIGHTMAN, JOHN BARBARULA, LAURIE VEIGHT, TIMOTHY MATTESON, PETER ROMAINE, NEW JERSEY STATE POLICE, NEW JERSEY BAR ASSOCIATION, OFFICE OF ATTORNEY ETHICS, LAKELAND BANK, | : Civil Action 2:11-cv-0361(DMC)(MF) |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court on four motions by Defendants Barry Frank (ECF No. 38), Gary Lightman (ECF No. 43), Laurie Veith (ECF No. 44), John Breslin (ECF No. 47). for sanctions pursuant to FED.R.CIV.P. 11. Plaintiff Harry Dunleavy ("Plaintiff") filed various pleadings in opposition to these motions for sanctions. (See ECF Nos. 50-1, 53-5 and 57.) Barry Frank submitted a reply brief. (ECF No. 57.) Mr. Frank also filed a motion to enjoin Plaintiff from filing any further motions. (ECF No. 73.) This Court filed an Order and Opinion (ECF Nos. 82-3) dismissing Plaintiff's complaint with prejudice (hereinafter, the "November 1st Opinion").

Dunleavy v. Gannon, No. 11-cv-361, 2011 WL 5321004 (D.N.J. Nov. 1, 2011). Additionally, Plaintiff has filed a motion for reconsideration of this Court's November 1st Opinion. (ECF No. 84.) Pursuant to FED. R. CIV. P. 78, granting this Court the authority to resolve the motion on the papers, no oral argument was heard. Based on the following, this Court hereby **grants** Defendants' motions for sanctions against Harry Dunleavy in the form of reasonable costs and attorneys fees incurred by Mr. Frank, Mr. Lightman, Mr. Thomas and Mr. Breslin in defending this action from its inception on January 20, 2011. Further, this Court hereby sua sponte **enjoins** Plaintiff from filing any further complaints without Court approval. This Court hereby **denies** Plaintiff's motion for reconsideration of this Court's November 1st Opinion.[1]

## I.   BACKGROUND

Plaintiff's claims stem from the allegation that he lost personal funds that were being wrongfully handled by the Defendants as an investment. Plaintiff alleged that Charles W. Cart fraudulently persuaded him to invest $25,000 in what Plaintiff believed to be a "health insurance claims company" named Skylands Administrators. (Pl.'s Compl. ¶ 1). From there, Plaintiff alleged that the same funds were incorrectly or wrongfully deposited in another account named Skylands Benefit Consultants, LLC. Id. Plaintiff claimed that the funds were then "fraudulently and clandestinely funneled to pay debts for a strip club in Florida called the 'Wild Coyote.'" Id.

Plaintiff has filed a multitude of lawsuits arising out of the same facts and claims. Plaintiff additionally instituted disciplinary action against attorneys and judicial officials involved in the

---

[1] This Court finds Rule 11 sanctions to be the most appropriate mechanism for deterring similar conduct, further, this case will not be reopened pursuant to Plaintiff's motion for reconsideration. Therefore, Mr. Frank's cross-motion to enjoin Plaintiff from filing any further motions in this matter without leave (ECF No. 73) is hereby terminated as moot.

2

suits. Plaintiff has filed almost a dozen cases in this Court and has made several unsuccessful trips to the Third Circuit. (Breslin's Br. in Supp. of Mot. for Sanctions 2, July 11, 2011, ECF No. 47.) The first of suits involving claims bearing similarity to those asserted by Plaintiff in the instant action was filed in this Court in 2005. Id. at 25. In 2007, Plaintiff filed in the Superior Court of New Jersey, Sussex County against Defendants involved in prior actions (hereinafter, "Superior Court Case"). Dunleavy v. Lakeland Bank, et al., No. SSX-L-825-07 (N.J. Super. Ct. Law Div. 2009), disposal docketed. Plaintiff then filed Attorney Grievances against attorney Defendants in the Office of Attorney Ethics and against the Honorable Edward Gannon, J.S.C. in the Advisory Committee on Judicial Conduct (hereinafter, respectively "OAE" and "ACJC").[2] This Court dismissed Plaintiff's complaint in the instant action on grounds of res judicata and the entire controversy and Rooker-Feldman doctrines. See, November 1st Opinion.

On December 11, 2007, Plaintiff filed the Superior Court Case against Lakeland Bank and others involved in the alleged investment gone wrong. See Dunleavy v. Lakeland Bank, et al., No. SSX-L-825-07 (N.J. Super. Ct. Law Div. 2009), disposal docketed. Judge Gannon dismissed Plaintiff's complaint against all Defendants except Mr. Cart, and after trial found that Plaintiff had "no cause" for that remaining claim. (Frank Br. in Supp. Mot. for Sanctions 6, May 12, 2011, ECF No. 38; see also Gannon et al. Br. 1-2, Apr. 21, 2011, ECF No. 29-1.) Plaintiff did not appeal. Id.

Plaintiff filed grievances, in March 2010, with the OAE and ACJC against attorney Defendants bringing the instant motions for sanctions and Judge Gannon. (Gannon et al. Br. in Supp. Mot. to Dismiss 1, Apr. 21, 2011, ECF No. 29-1.) Plaintiff's problems with attorneys and the Judge involve a stated "conspiracy" to issue an unfavorable judgment in that case. E.g., Pl.'s

---

[2] Judge Gannon presided over the Superior Court Case, defined supra.

Compl. ¶¶ 6, 21, 23, 25. Plaintiff contends here that the OAE Committee members failed to investigate his claims of improper conduct. Id. at 2. In each grievance, the facts of the wrongfully handled investment, and litigation pursued by Plaintiff as a result, underlie the substance of Plaintiff's claims. (Lakeland Bank Br. Mem. in Supp. R.11 Sanctions 1, June 9, 2011, ECF No. 44-2).

In this Court, Plaintiff attempts to revitalize the fact pattern underlying his Superior Court claims with new accusations against counsel and others involved in that litigation. Generally, Plaintiff explains in his complaint how the unfavorable Superior Court judgment resulted from case mishandling by attorney Defendants rather than lack of merit or frivolity of claims. Plaintiff's complaint avers that his due process rights were violated by attorneys involved in that litigation, pursuant to 42 U.S.C.A. § 1983. E.g., Pl.'s Compl. ¶ 3. Plaintiff charges Defendants with "conspiracy, cover-ups, deliberate lies, sabotage, fabrications, willful and malicious concealment of vital documents, fraudulent removal of documents from a court file, and a judge [sic.] allowing Defendants and their attorneys to lie to the Court and ignore Court rules and the law with impunity." (Pl.'s Compl. ¶ 1.)

This Court granted motions to dismiss filed by Defendants Laurie Veith, Gary Lightman, Barry Frank, Charles Centinaro, Edward Gannon, Alan Handler, Lt. James Macinness, Candace Moody, John Palm, Robert Stober, JohnTonelli, John Breslin and the New Jersey State Police (ECF Nos. 12, 26, 28, 29, 35, 41) and dismissed Plaintiff's complaint with prejudice in the November 1st Opinion and Order.

### 1. Motions for sanctions

As Plaintiff's complaint has already been dismissed, remaining motions in this action

include the motions for Rule 11 sanctions filed by Barry Frank, Gary Lightman, Laurie Veith, Timothy Matteson, Peter Romaine and John Breslin. (ECF Nos. 38, 43, 44, 47.)

Defendants assert that Plaintiff made representations to the court for improper purposes including harassment, causing unnecessary delay and needlessly increasing the cost of litigation under Rule 11. Defendants state that Plaintiff files merely to "extract . . . the amount of his claim that he was unsuccessful in pursuing against others in the New Jersey litigation" and that, in the instant matter, Plaintiff makes frivolous arguments lacking basis in law and fact. Id. at 2. Defendants demonstrate the legal and factual deficiency by showing, as an example, that Plaintiff's "conspiracy" charge on Defendants' alleged intent "to deprive him of his constitutional rights" is not supported by even "a single fact" that reaches the elements of conspiracy at law. (Frank Br. in Supp. Mot. for Sanctions 2-3, 14.) In a similar manner, Defendants show the legal deficiencies in Plaintiff's claims under 42 U.S.C.A. § 1983 and the Age Discrimination in Employment Act (hereinafter, "ADEA").

Most significant is the allegation that Plaintiff continues to engage in the same conduct, filing numerous similar suits, despite adverse holdings reasoned upon Plaintiffs' failure to state a claim for relief. Id. at 12. Plaintiff has been warned by various Courts. E.g., Dunleavy v. New Jersey, No. 05-cv-3865, 2008 WL 199467, at *2 (D.N.J. Jan. 18, 2008.) Further, Defendants Laurie Veith, Timothy Matteson and Peter Romaine sent Plaintiff a letter under the "safe harbor" provision of Rule 11 informing him of their arguments under the Rule and their strong recommendation that he withdraw his complaint. (Aff. of Thomas Ex. E, June 9, 2011, ECF No. 44-1.) Plaintiff did not withdraw his complaint and the same was dismissed in this Court on November 1st, 2011. Defendants seek Court ordered sanctions against Plaintiff, pursuant to Rule

5

11, in the form of all costs and attorneys' fees incurred in the instant litigation.

### (a) Barry Frank's Motion for Sanctions

Mr. Frank began representing James Flanagan in the State Court Case on May 5, 2008 in substitution of Gary Lightman, Mr. Flanagan's former attorney. According to Mr. Frank's arguments, which are supported by the court's findings, Plaintiff incorrectly accused Mr. Flanagan of having an interest in the company into which Plaintiff's personal funds were funneled. (Pl.'s Compl. ¶ 1, 22.) Mr. Frank refers to the instant action as merely "the most recent chapter in [Plaintiff's] four-year persecution of people whom he imagines [are] responsible for his poor investment decision, their lawyers and the judge who was assigned to adjudicate the underlying dispute." Id. 2-3. Mr. Frank further avers in his brief, that Plaintiff repeatedly presents the same issues and is seeking to relitigate the same issues that he already had a full and fair opportunity to litigate. (Frank Br. in Supp. Mot. for Sanctions 17-8.) Indeed, this Court dismissed Plaintiff's complaint in the instant action on grounds of res judicata and entire controversy and Rooker-Feldman doctrines. (November 1st Opinion, ECF No. 82-3.)

Mr. Frank asserts that Plaintiff's claim under the ADEA, prohibiting workplace discrimination, is patently frivolous and utterly inapplicable. Id. at 13. Mr. Frank makes a similar argument regarding Plaintiff's § 1983 claim. Since Mr. Frank is a private lawyer, not a state actor, the § 1983 claim is legally unsustainable.[3] Id. at 3. Mr. Frank's characterization supports the contention that, "Plaintiff is more interested in attacking his victims than he is in seeking redress for real injuries." Id. at 13 n.5.

---

[3]Further, Mr. Frank demonstrates that Plaintiff previously failed to obtain relief under § 1983 in the prior actions. See, Frank Br. 12 (citing Dunleavy v. State of New Jersey, 2007 WL 2793370 (D.N.J. Sept. 26, 2007), aff'd, 251 Fed.Appx. 80 (3d Cir. 2007)).

Mr. Frank supplies ample evidence showing that Plaintiff has been warned that conduct similar to what is being exhibited in the instant litigation is inappropriate. Examples include District and Circuit Court findings that Plaintiff "made bald allegations of age discrimination without anchoring them with specific facts that tend to prove discrimination." Dunleavy v. Mount Olive Twp., 2005 WL 1828560, at *7 (D.N.J. July 29, 2005), aff'd, 183 Fed. Appx. 157 (3d Cir. 2006); see also Dunleavy v. Montville Twp., 2005 WL 1917610, at *5 (D.N.J. Aug. 9, 2005), aff'd, 192 Fed. Appx. 100 (3d Cir. 2006).[4] Dismissal of prior actions was reasoned upon such findings.

Mr. Frank seeks sanctions in the form of all costs and attorneys' fees incurred in defending the instant litigation.

**(b) Gary Lightman's Motion for Sanctions**

Mr. Lightman originally represented James Flanagan in the State Court Case before Mr. Frank substituted in as counsel. (Frank Br. in Supp. Mot. for Sanctions 5.) Plaintiff sets forth no facts or claims against Mr. Lightman that he did not allege in the Superior Court Case or in the subsequent ethics grievance Plaintiff filed against him. (Lightman Br. in Supp. Mot. for Sanctions 2.) Plaintiff is barred from reasserting these claims by collateral estoppel, Mr. Lightman argues. Id. at 14. Plaintiff alleges that Mr. Lightman failed to conduct discovery as Plaintiff saw fit and that he was involved in a conspiracy with various other attorney Defendants in contravention of Plaintiff's due process rights. Id. at 7-8. Comparatively, during the Superior Court Case, Plaintiff

---

[4]In response to both District Court decisions, Plaintiff filed a complaint against Judge Katherine S. Hayden, who presided over Plaintiffs' cases, which was dismissed for failure to state a claim. Dunleavy v. Hayden, Docket No. 07-cv-3729 (D.N.J. Mar. 19, 2009), ECF No. 18 (order denying reconsideration).

7

filed many unsuccessful motions for sanctions, contempt and recusal. He accused the parties, attorneys and Judge Gannon of various "imaginary infractions," including alleged discovery defaults and related procedural decisions that resulted in unfavorable decisions. Id. at 7. Plaintiff alleges the same in the instant matter. Id.

Mr. Lightman generally alleges that Plaintiff's complaint is without support in fact or law. (Lightman Br. in Supp. Mot. for Sanctions 10.) Moreover, Plaintiff seeks relitigation of State Court Case claims, even though he never appealed the court's unfavorable decision. Id. Mr. Lightman repeats Mr. Frank's arguments, that Plaintiff cannot state a claim under the ADEA or § 1983. Id. Mr. Lightman seeks sanctions in the form of all costs and fees he and his law firm have incurred in defending this litigation.

### (c) Laurie Veith, Timothy Matteson and Peter Romaine's Motion for Sanctions

Ms. Veith was Vice President of Lakeland Bank at the time of Plaintiff's filing. (Veith et al. Mot. For Sanctions 2, June 9, 2011, ECF No. 44.)[5] Mr. Matteson was and currently serves as General Counsel at Lakeland Bank and Mr. Romaine was and currently serves as Vice President of Lakeland Bank. Id. Plaintiff alleges Ms. Veith and Mr. Romaine ignored subpoenas to appear in Court. (Pl.'s Compl. 26, 28.) Plaintiff alleges Mr. Matteson blind-sided Plaintiff by attempting to have Mr. Lightman take Plaintiff's deposition over the telephone. Id. at 27. Defendants aver Plaintiff's allegations are "utterly bereft" of any grounding in fact or law and are insufficient to support a claim for relief. Id. at 2.

---

[5]Ms. Veith currently serves as Senior Vice President at Lakeland Bank. "Lakeland Bank Announces Employee Promotions," Oct. 12, 2011, LakelandBank.com, http://www.lakelandbank.com/Resource-Center/Press-Releases/Show-Press-Release.aspx?id=497 (last visited Jan. 18, 2012).

Defendants advance arguments similar to those asserted by Mr. Frank and Mr. Lightman, showing that Plaintiff's § 1983 claim fails as a matter of law. Id. at 5-6. Further, they allege Plaintiff can sustain no claim under the ADEA or § 1985 given the facts supplied. Id. at 7-8. Defendants also state that Plaintiff's claims are duplicative and, as held in this Court's November 1st Opinion, are barred by res judicata. Id. at 8-9. Ms. Veith, Mr. Matteson and Mr. Romaine seek sanctions in the form of all reasonable costs and counsel fees incurred in defending action instituted by Plaintiff in this Court, from its inception.

**(d) John Breslin's Motion for Sanctions**

Mr. Breslin represented McIntyre & Co., accountants employed by the company in which Plaintiff claims to have intended to invest. Mr. Breslin contends that Plaintiff's complaint fails to set forth any claim against him that is reasonably grounded in fact or law. (Breslin's Mot. for Sanctions 1, July 11, 2011, ECF No. 47-3.) Moreover, Plaintiff's complaint makes no direct legal allegations against Mr. Breslin. (Pl.'s Compl., Jan. 20, 2011, ECF No. 1; Breslin's Mot. for Sanctions 1.) Mr. Breslin points to the fact that Plaintiff did not appeal any of the state court decisions, but rather filed grievances against attorneys involved in the Case and the Judge presiding over the same. (Breslin's Mot. for Sanctions 1.)

Mr. Breslin aptly notes Judge Debevoise's admonishment of Plaintiff in <u>Dunleavy v. New Jersey</u>, to show that he has been warned to cease similar prior conduct:

> ...the [C]ourt wishes to note that several of Dunleavy's claims appear to be frivolous and the [C]ourt is concerned that Dunleavy has caused unnecessary expense by laundry-listing various claims without familiarizing himself with the laws underlying the same, and without having even attempted to exhaust the various administrative procedures prerequisite to bringing certain of these claims." (Breslin's Mot. for Sanctions 2 (citing No. 05-cv-3865, 2008 WL 199467, at *2 (D.N.J. Jan. 18, 2008.)))

9

Plaintiff should have been well-aware of his obligations to the Court, opposing parties and their counsel in the instant matter, Mr. Breslin contends. (Breslin Mot. for Sanctions 3.) Mr. Breslin then goes on to describe the lengthy history of Plaintiff's inundation of Defendants with baseless accusations and demonstrates that exact findings in judgments of a variety of courts and Judges. Id. at 23-6. Additionally, Mr. Breslin explains that Plaintiff cannot legally or factually sustain the claims he has mounted against Defendants here. Id. at 15-9.

Further, Mr. Breslin repeats the arguments of the other Defendants moving for sanctions in the instant motions, that Plaintiff's claims are barred by res judicata and the Rooker-Feldman and entire controversy doctrines. Id. at 3-4. Mr. Breslin seeks monetary sanctions against Plaintiff. Id. at 27-8.

### 2. Motion for reconsideration

This Court granted Defendants motion to dismiss in the November 1st Opinion and accompanying Order.[6] Plaintiff filed a motion for reconsideration of that Opinion and Order on December 9, 2011, thirty-eight days later. (ECF No. 84.) Plaintiff contends that this Court mischaracterized Plaintiff's claim, and due to the mischaracterization, found that Plaintiff was attempting to relitigate claims already decided. Plaintiff points to a statement in the November 1st Opinion where this Court explains that Plaintiff "personally deposited" funds at Lakeland Bank. See, Opinion 3, Nov. 1, 2011, ECF No. 83. Plaintiff contends that this sentence should be

---

[6]Motions to dismiss were filed by Defendants Laurie Veith (ECF No. 12), Gary Lightman (ECF No. 26), Barry Frank (ECF No. 28), and John Breslin (ECF No. 35) on March 22, April 20, April 21 and April 28, respectively; by Defendants Charles Centinaro, Edward Gannon, Alan Handler, Lieutenant James Macinness, Candace Moody, John Palm, Robert Stober and John Tonelli on April 21 (ECF No. 29); and, by The New Jersey State Police on May 17 (ECF No. 41).

replaced with a concept: that some branch or person within or of Lakeland Bank who "to this day," Plaintiff "does not know," wrongfully deposited $25,000 worth of his personal funds into an unintended account. (Pl.'s Mot. for Recons. 1-2, Dec. 9, 2011, ECF No. 84.) Plaintiff states that based on the mischaracterization of fact, this Court's decision was "emotionally upsetting" and "perhaps a clear parameter that inadequate consideration was given to Plaintiff's claims of a plethora of civil rights and due process violations." Id.

## II.   STANDARD OF REVIEW

### 1.   Motion for sanctions

The bottom line purpose of a sanction under Rule 11 is deterrence. The Court must be mindful of the proportionality of the sanction in that it is limited to what suffices to "deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4) (2007). "The sanction may include nonmonetary directives: an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Id. Courts have uniformly sanctioned litigants who attempt to relitigate issues already decided against, including those under the guise of constitutional arguments and 1983 claims. E.g., Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1090 (3d Cir. 1988) (upholding sanctions where claims were identical to other claims already adjudicated and therefore legally frivolous); see also, Balthazar v. Atl. City Med. Ctr., 279 F. Supp. 2d 574, 594 (D.N.J. 2003) (imposing Rule 11 sanctions where the Court concluded the litigant was merely attempting to relitigate unsuccessful State Court claims).

Rule 11 contemplates, as well as orders directing payment to the movant of part or all of

the reasonable attorney's fees and other expenses directly resulting from the violation, sanctions in the form of nonmonetary directives . FED.R.CIV.P. 11. The Third Circuit has concluded that District Courts may issue an injunction requiring a litigant who has repeatedly filed complaints alleging claims that have already been fully litigated to receive Court approval before filing further complaints. In the Matter of Packer Avenue Associates, 884 F.2d 745 (3d Cir.1989) (stating that District Court did not abuse its discretion by ordering appellant to receive its permission before filing additional pleadings) (citing Chipps v. U.S.D.C, M.D.Pa., 882 F.2d 72 (3d Cir.1989); In re Oliver, 682 F.2d 443 (3d Cir.1982)). Other circuits have reached the same conclusion. See Filipas v. Lemons, 835 F.2d 1145 (6th Cir.1987); In re Martin-Tigona, 763 F.2d 140 (2d Cir.1985), cert. denied, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986); Pavilonis v. King, 626 F.2d 1075 (1st Cir.1980).

### 2. Motion for reconsideration

Motions for reconsideration in this District are governed by L. CIV. R. 7.1(I). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion for reconsideration shall be served and filed within fourteen days after the entry of the Order on the original motion by the Judge. Local Civ. R. 7.1(I) (2012). Further, the Rule requires that a movant submit "concisely the matter or controlling decisions which the party believes the [Judge] has overlooked." Id. A motion pursuant to the Rule may be granted in only three, very limited circumstances. Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). The first involves establishment that an intervening change in the controlling law has occurred. Id. The second involves presentation of new evidence that could not have been confronted in the prior disposition because it was not previously available. Id. The third involves correcting a clear error

of law or preventing manifest injustice involved in a prior order. Id.

Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J. 1986)). Local Rule 7.1(I) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). It is improper, on a motion for reconsideration, to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). In other words, a motion for reconsideration is not meant to take the place of an appeal.

### III. DISCUSSION

All four Defendants submit the same arguments to this Court regarding the inappropriateness of Plaintiffs' conduct in the instant action. The pleadings are repetitive and seek relitigation of issues already decided in the State Court Case. Further, Plaintiff's allegations are unsubstantiated by law or fact. For example, Plaintiff brings a claim under the ADEA and fails to provide any legal or factual support for that claim. Plaintiff mentions § 1983 in his complaint, but none of the Defendants who have moved for sanctions here are state actors. Plaintiff more generally states that his due process rights were violated because, for instance, Defendant attorneys failed to execute pre-trial discovery the way Plaintiff envisioned. Plaintiff did not appeal any State Court decisions on these claims, rather he brought his strikingly similar complaint to this Court seeking relitigation.

Defendants rebut all of Plaintiffs arguments which this Court has already dismissed on res

judicata grounds. It is clear that Plaintiff has filed frivolous claims. Further, Plaintiff has been warned, by State Court dismissals, that his claims fail for want of a factual and legal basis. Here, Plaintiff fails to supplement already litigated claims with any new evidence. It is clear that Plaintiff filed pretextually and seeks rather to merely harass Defendants and obtain judgment he was previously denied. Plaintiff has been cautioned not only by State Court dismissals, but also by explicit warnings of the frivolous nature of his filings. Further, this Court has already concluded that his claims are barred because they were already litigated. Still, Plaintiff files a meritless motion for reconsideration out of time which fails to put forth any new law or fact.

     This Court has granted Plaintiff, as a pro se thus far, great leniency in his pleadings and communications with this Court and with parties to this litigation. However, given Defendants' arguments in the instant motions, this Court finds that Plaintiff has dragged the parties through over twelve months of frivolous litigation in this case. Additionally, having made a final decision on this matter, this Court no longer will tolerate further filings from Plaintiff on these same claims and must take action to deter Plaintiff from behaving in such a way in the future. Rule 11 grants this Court wide latitude to determine sanctions so long as what is ordered is limited to what suffices to deter repetition.

     Defendants have aptly shown that they have engaged with Plaintiffs' claims for far too long, through State Court proceedings as well as over a year's worth of filings in this Court. Defendants persuasively argue that costs and fees incurred in this litigation be granted to them. This Court agrees with Defendants, and grants the motion for sanctions in the form of reasonable costs and attorneys' fees incurred in the instant litigation from its inception. Further, because Plaintiff has repeatedly filed in this Court and State Court on the same claims, which thereafter,

were consistently dismissed on res judicata, entire controversy doctrine and collateral estoppel grounds, this Court requires that Plaintiff seek approval from the Court before filing any future complaints. Plaintiff is hereby enjoined from filing future complaints without said Court approval.

**2. Motion for Reconsideration**

Plaintiff seeks reconsideration of the Opinion and Order filed in this Court on November 1st, 2011. Plaintiff filed for reconsideration on December 9, 2011, thirty-eight days from the Order on the original motion. Rule 7.1(I) clearly states that a party has fourteen days to file a motion for reconsideration from the date of entry of the Order on the original motion. Plaintiff's motion for reconsideration is time barred.

For the sake of completeness, this Court will consider Plaintiff's argument for reconsideration. Plaintiff contends that reconsideration is warranted because of an alleged mischaracterization of the facts. However, Plaintiff merely parses language used in the Opinion in an attempt to show that this Court somehow misunderstood Plaintiff's allegations. Plaintiff's argument is unavailing and does not sufficiently reach the threshold required for reconsideration.

It would seem that Plaintiff attempts to convey that this Court's alleged mischaracterization involves correcting a clear error of law or preventing manifest injustice involved in a prior Order. The appropriate legal conclusion on dismissal of Plaintiff's complaint remains exactly the same whether Plaintiff's motion for reconsideration language or this Court's language from the November 1st Opinion is considered. In other words, Plaintiff's recapitulation of fact does not affect the analysis performed or conclusion reached by this Court. Plaintiff's attempt to replace a phrase with an unsubstantiated and illogical concept only speaks further to his litigious nature and the appropriateness of serving Rule 11 sanctions upon him in the instant Opinion. Reconsideration

is "an extraordinary remedy" that is to be granted "very sparingly" and Plaintiff has demonstrated no grounds on which reconsideration would be warranted here even if his motion had not been filed outside of the fourteen day period. See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citation omitted).

### IV.    CONCLUSION

Based on the following, this Court hereby **grants** Defendants' motions for sanctions against Harry Dunleavy in the form of all reasonable costs and attorneys' fees incurred by Mr. Barry Frank, Mr. Gary Lightman, Mr. Walter E. Thomas and Mr. John Breslin in defending this action from its inception on January 20, 2011. Further, this Court hereby sua sponte **enjoins** Plaintiff from filing any further complaints without Court approval. This Court **denies** Plaintiff's motion for reconsideration of this Court's November 1st Opinion.[7]

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:     January 26, 2012
Orig.:    Clerk
cc:       All Counsel of Record
          Mark Falk, U.S.M.J.

---

[7] This Court finds Rule 11 sanctions to be the most appropriate mechanism for deterring similar conduct, further, this case will not be reopened pursuant to Plaintiff's motion for reconsideration. Therefore, Mr. Frank's cross-motion to enjoin Plaintiff from filing any further motions in this matter without leave (ECF No. 73) is hereby terminated as moot.