Wolff & Samson PC
One Boland Drive
West Orange, NJ  07052
(973) 325-1500
*Attorneys for Defendant*
Barry Frank

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HARRY DUNLEAVY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EDWARD GANNON, ALAN HANDLER, JOHN TONELLI, CANDACE MOODY, LT. JAMES MCINNESS, JOHN PALM, ROBERT STOBER, CHARLES CENTINARO, BARRY FRANK, JOHN BRESLIN, GARY LIGHTMAN, JOHN BARBARULA, LAURIE VEIGHT, TIMOTHY MATTESON, PETER ROMAINE, NEW JERSEY STATE POLICE, NEW JERSEY BAR ASSOCIATION, OFFICE OF ATTORNEY ETHICS, LAKELAND BANK,<br><br>　　　　Defendants. | Civil Action No. 2:11-cv-0361 (DMC)(MF)<br><br>**DECLARATION OF BRUCE D. ETTMAN** |

　　　1.　I am an attorney duly admitted to practice before this Court.  I am Counsel to Wolff & Samson PC, attorneys for Defendant Barry Frank ("Mr. Frank"). I submit this Declaration of costs and fees Mr. Frank incurred defending this matter pursuant to L.Civ.R. 54.2 and in accordance with this Court's Order dated January 26, 2012 granting Mr. Frank's motions for Rule 11 sanctions against the Plaintiff (Docket Entry 89).

3122760.1

2. I have been primarily responsible for Mr. Frank's defense in this matter, and, therefore, I am fully familiar with the facts and circumstances that are set forth in this Declaration.

**Nature of Services This Firm Rendered to Mr. Frank**

3. This Firm was responsible for all aspects of Mr. Frank's defense of this matter, including, but not necessarily limited to all legal research and analysis; drafting, editing, and revising all written Court submissions, correspondence and other documents; preparing for and engaging in all oral communications with this Court, Mr. Frank, Plaintiff and counsel for the Co-Defendants; and conferring with Mr. Frank and others regarding status and strategy.

4. Plaintiff's complaint was very serious in light of his false public claims of Mr. Frank's alleged impropriety, ethical breaches and dishonesty. Plaintiff's defamatory allegations are electronically available and can result in the misperception of Mr. Frank in the public eye despite his many years of unblemished service as a lawyer and businessman.

5. As a result, we ensured that we explored all avenues for Mr. Frank's defense of this matter, which required substantial effort and time. Nonetheless, we performed only that work we believed to be necessary and appropriate to ensure

the vindication of Mr. Frank's reputation and the successful end to this frivolous litigation.

6. The services performed in this matter were particularly time-consuming because of Plaintiff's frequent, inappropriate often transparently false submissions to this Court and because of Plaintiff's complete failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, despite being admonished by Magistrate Judge Falk to comply with the Local Rules by written Order entered May 13, 2011 (Docket Entry 39).

**The Fees and Costs Mr. Frank Incurred**

7. Mr. Frank, a long-standing client, retained this Firm in this matter, by which he agreed to the Firm's standard terms of retention that he would be billed hourly, in tenths of an hour increments at this Firm's standard hourly rates for legal services charged to other clients of the Firm. Nonetheless, in consideration of Mr. Frank's long-standing relationship with counsel in this matter, the fee charged to Mr. Frank reflects a 20% discount of this Firm's customary hourly rates. The 20% discount is reflected on the invoices. This Firm and Mr. Frank agreed that he would be charged disbursements either at actual cost incurred or, in the case of internal operating costs such as copying, scanning and other services, at the Firm's regular

rates it charges other clients. Mr. Frank received invoices from this Firm monthly.

8. Based on my 25 years as an attorney in New Jersey, it is my opinion that the rates charged to Mr. Frank are representative of the firms of similar size and quality in Northern New Jersey, and are fair and reasonable.

9. Mr. Frank's total obligation to this Firm based on our representation of him in this matter through January 31, 2012 is $56,140.76, representing $54,916.40 of attorneys' and paralegals' time, and $1,224.36 in costs and disbursements, as more fully detailed below.

10. We are performing or will be performing additional services in this matter including the preparation of this Declaration and associated research; responding to Plaintiff's opposition if any; preparing a supplement Declaration of costs and fees incurred after January 31, 2012; and appearing in Court, if required. We respectfully request the opportunity to submit a supplemental Declaration of Fees and Costs that incorporates all additional fees and disbursements incurred after January 31, 2012 through the final disposition of this matter.

11. I have attached true and complete copies of all of the actual invoices to Mr. Frank since the inception of this

matter collectively as Exhibit A. Mr. Frank's personal information is redacted.

12. The date each item of work, the description of the work, the initials of the person who performed each item of work, the amount of time spent that day on this matter and the total billing for each day is set forth in the body of each invoice. The names of the professionals performing the work and each person's billing rates are set forth after the total billing entries for each month.

13. The people who billed on this file are as follows:

A. <u>George A. Spadoro</u>. Mr. Spadoro is a Member of this Firm. He has more than 35 years of experience as a litigator in New Jersey and New York and in the federal courts situated in each of those States. He has represented Mr. Frank for more than 25 years. Mr. Spadoro maintained supervisory oversight responsibility regarding this matter. Mr. Spadoro's hourly rate was $470.00 until July 2011 and $485.00 thereafter.

B. <u>Bruce D. Ettman</u>. As noted above, I was the person primarily responsible for day-to-day handling of this matter, and, therefore, I am this file's principal biller. I am Counsel to the Firm. I have been a lawyer for nearly 28 years. As Mr. Spadoro's associate in the firm of Spadoro & Hilson and as an associate and now Counsel of this Firm, I have handled many matters for or on behalf of Mr. Frank for more than 15

5

years. I was admitted to the Bar of New York in 1984 and to the Bar of New Jersey and this Court in 1987. I remain an active member of the Bars of each State. I am also a member of the Bars of the Southern District of New York, the Eastern District of New York, the Second Circuit Court of Appeals and the Third Circuit Court of Appeals. I have litigated matters in all of the Courts I refer to above for my entire career. My hourly billing rate was $350.00 until July 2011 and $375.00 thereafter.

  C. <u>Daniel D. Barnes</u>. Mr. Barnes is also Counsel to this Firm in the Firm's Litigation Group. He, too, is a member of the Bar of this Court and New Jersey since 1996, and a member of the Bars of New York, the Southern, Eastern and Northern Districts of New York and of the Third Circuit Court of Appeals. Mr. Barnes performed limited work on this matter in July and August 2011, while I was on vacation. Mr. Barnes' hourly rate was $350.00 until July 2011 and $375.00 thereafter.

  D. <u>Paralegal Services</u>

  There was an occasional need to use paralegal services in this matter. The paralegals who performed work on this file are all experienced litigation paralegals. The paralegals who performed services on this matter are Matthew Korkes, Janine Greskovich, Gail Westervelt, Marie Brockway, and

6

3122760.1

Samuel Mall. Their billing rates range from $190 per hour to $210 per hour, depending on their experience.

14. For the Court's convenience, I have prepared a summary of the number of hours charged by each professional on this file through January 31, 2012 as reflected on the attached invoices:

| Biller | # hours | Amount |
|---|---:|---:|
| George A. Spadoro | 10.3 | $ 3,888.40 |
| Bruce D. Ettman | 169.1 | 48,688.00 |
| Daniel D. Barnes | 6.2 | 1,860.00 |
| Matt Korkes | .5 | 82.00 |
| Janine Greskovich | .6 | 91.20 |
| Gail Westervelt | .7 | 114.80 |
| Marie Brockway | .8 | 128.00 |
| Samuel Mall | .4 | 64.00 |
| TOTAL | | $54,916.40 |

15. Total disbursements billed through January 31, 2012 are $1,224.36 as reflected on the attached invoices, for a total of fees and disbursements of $56,140.76.

16. I have reviewed the Firm's ledger recording the billing and payments on this file. Those records reveal that, as of the date of this Declaration, Mr. Frank has paid a total of $27,861.13 ($27,206.80 in fees and $654.33 in disbursements)

7

3122760.1

leaving a total due of $28,279.63 ($27,709.60 in fees and $570.03 in disbursements).

17. Pursuant to this Court's Order dated January 26, 2012 awarding Mr. Frank the fees and costs he incurred in defending this matter, Mr. Frank requests that this Court enter an Order awarding him the total sum of $56,140.76 for costs and fees incurred from the inception of this matter until January 31, 2012 and for such additional reasonable fees and costs incurred thereafter. With the Court's approval, I will file a supplemental Declaration of fees and costs after briefing of this matter is complete or, if this Court requests oral arguments, after the Court appearance.

18. I declare under penalty of perjury that the foregoing is true and correct.
Executed on February 21, 2012

_____
Bruce D. Ettman